UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

SASENARINE SINGH, A 079 089 499,

                Petitioner,

    v.

U.S.C.I.S.,

                Respondent.

**DECISION AND ORDER**
11-CV-254A

---

On March 23, 2011, petitioner Sasenarine Singh filed a petition, pursuant to 8 U.S.C. § 1447(b), for a hearing in this Court on his pending application for an adjustment of status under 8 U.S.C. § 1255.  Along with his petition, petitioner filed a motion to stay his ongoing removal proceedings until the Court adjudicated his petition.[1]  Petitioner asserts that he filed an I-485 application for adjustment of status to permanent resident on May 25, 2008.  According to petitioner, respondent has taken long enough to issue a decision on his application that this Court now has jurisdiction to conduct "a hearing on the matter" under 8 U.S.C. § 1447(b).

On April 28, 2011, respondent filed a motion to dismiss the petition for lack of subject-matter jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil

---

[1] Petitioner initially included his request for a stay in his petition, but then filed a separate motion for a stay on July 14, 2011 (Dkt. No. 8).

Procedure ("FRCP"). Respondent argues that the petition is moot now that it denied petitioner's I-485 application in a decision dated July 7, 2011. (Dkt. No. 7-1.) Additionally, respondent contends that 8 U.S.C. § 1447 applies only to naturalization applications, and that 8 U.S.C. § 1252(a)(2)(B)(i) explicitly deprives this Court of jurisdiction over applications for adjustment of status. Petitioner counters that, though he has been ordered removed, he qualifies for a waiver of inadmissibility under 8 U.S.C. § 1182(h). The Court has deemed the petition, the motion for a stay, and the motion to dismiss submitted on papers pursuant to FRCP 78(b).

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. U.S.*, 201 F.3d 110, 113 (2d Cir. 2000) (citation omitted). "A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." *Id.* (citation omitted).

Petitioner rests this Court's jurisdiction on the hearing provision of 8 U.S.C. § 1447(b). Under that provision, "[i]f there is a failure to make a determination *under section 1446 of this title* before the end of the 120-day period after the date on which the examination is conducted under such section, the applicant may apply to the United States district court for the district in which the applicant resides for a hearing on the matter." *Id.* (emphasis added). As the plain language of the statute makes clear, however, the hearing provision applies only

2

to the naturalization process described in 8 U.S.C. § 1446.  *See, e.g., Hassan v. Holder*, 638 F. Supp. 2d 329, 333 (E.D.N.Y. 2009) (denying as moot a request for a hearing under 8 U.S.C. § 1447(b) once the plaintiff's naturalization application was denied).  The hearing provision makes no mention of, and does not apply to, proceedings for adjustment of status under 8 U.S.C. § 1255.  In contrast, one immigration statute that does refer to proceedings for adjustment of status is 8 U.S.C. § 1252(a)(2)(B)(i), which states explicitly that "no court shall have jurisdiction to review . . . any judgment regarding the granting of relief under section . . . 1255 of this title."  As a result, "Congress has expressly denied judicial review of decisions made under Section 1255 for adjustment of status." *Jaskiewicz v. U.S. Dep't of Homeland Security*, No. 06 Civ. 3770(DLC), 2006 WL 3431191, at *4 (S.D.N.Y. Nov. 29, 2006) (citations omitted).  This jurisdictional provision dovetails with the denial of petitioner's I-485 application that respondent issued on July 7, 2011.  Under these circumstances, petitioner has not demonstrated how this Court has jurisdiction to issue any orders that would interfere with a removal process that appears to be nearing completion with the issuance of a travel document from Guyana.  (Dkt. No. 12-1 at 8–10.)

     For all of the above reasons, therefore, the Court grants respondent's motion to dismiss the petition (Dkt. No. 4) and denies petitioner's request for a stay (Dkt. No. 8).

The Court hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith, and leave to appeal to the Court of Appeals as a poor person is denied. *Coppedge v. U.S.*, 369 U.S. 438, 82 S. Ct. 917, 8 L. Ed.2d 21 (1962). Further requests to proceed on appeal as a poor person should be directed, on motion, to the United States Court of Appeals for the Second Circuit, in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

The Clerk of the Court shall close this case.

SO ORDERED.

*s/ Richard J. Arcara*
HONORABLE RICHARD J. ARCARA
UNITED STATES DISTRICT JUDGE

DATED: August 30, 2011